## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINEA PEARSON, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant(s). | |

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.      Plaintiff is a natural person, a resident of Chester County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      PRA maintains a location at 120 Corporate Boulevard, Norfolk, Virginia 23502.

7.      PRA uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8.      PRA uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      PRA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

11.      Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.      At some time prior to August 22, 2023, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA) N.A. ("CAPITAL ONE").

13.    The CAPITAL ONE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14.    Plaintiff incurred the CAPITAL ONE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

15.    Plaintiff incurred the CAPITAL ONE BANK obligation in connection with a personal credit card account.

16.    The CAPITAL ONE BANK obligation did not arise out of a transaction that was for non-personal use.

17.    The CAPITAL ONE BANK obligation did not arise out of transactions that were for business use.

18.    The CAPITAL ONE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    CAPITAL ONE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    At some time prior to August 22, 2023, the CAPITAL ONE BANK obligation was allegedly purchased by and/or sold to PRA.

21.    At the time the CAPITAL ONE BANK obligation was allegedly purchased by and/or sold to PRA, the CAPITAL ONE BANK obligation was in default.

22.    PRA caused to be delivered to Plaintiff a letter dated August 22, 2023.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

23.    The August 22, 2023 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.    Upon receipt, Plaintiff read and relied on the notices, statements and representations in the August 22, 2023 letter.

25.    PRA admitted that it was a debt collector in its August 22, 2023 letter:

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

26.     The August 22, 2023 letter provided the following details about the CAPITAL ONE BANK obligation.



27.     Defendant's August 22, 2023 letter offered Plaintiff 3 repayment plans to start paving her way to "financial freedom" and start putting this debt behind her:

08/22/2023

**Start paving your way to financial freedom today!**

Dear LINEA PEARSON,

At Portfolio Recovery Associates, LLC ("PRA, LLC"), we make it easy to start putting this debt behind you. Take your first steps towards financial freedom. For your convenience, we've calculated three offers to help you start on your way.

Sincerely,
PRA, LLC

| PLAN 1* | PLAN 2* | PLAN 3* |
|---|---|---|
| **Fast Track** | **Solid Progress** | **Slow and Steady** |
| 1 Payment of $385.88 | 3 Payments of $130.23 | 6 Payments of $66.33 |
| Savings: $578.81 | Savings: $574.00 | Savings: $566.71 |

*We are not obligated to renew this offer. Your payment must be received by: 09/25/2023
Need more flexibility?
Learn more at
PRApay.com
You can also call 1-800-772-1413 to discuss your account with us

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

28.     The August 22, 2023 letter advised Plaintiff that the CAPITAL ONE BANK obligation was beyond the time period for filing a lawsuit and was also beyond the time period for reporting information on Plaintiff's credit profile with one or more national credit reporting agencies.

29.     Defendant offered a "Fast Track", a "Solid Progress" and a "Slow and Steady" repayment plan so that according to Defendant, Plaintiff could start paving her way to financial freedom today and "start putting this debt" behind her.

30.     Defendant asserted that the 3 repayment plans offered by Defendant were calculated to help start her on her way to financial freedom and put the debt behind her.

31.     Defendant's August 22, 2023 letter advised that: **"*We are not obligated to renew this offer. Your payment must be received by: 09/25/2023.**"

32.     Even though the CAPITAL ONE BANK obligation was beyond the statute of limitations and beyond the credit reporting period, according to Defendant's August 22, 2023 letter, Defendant represented or implied that Plaintiff is suffering from a financial burden regarding the CAPITAL ONE BANK obligation and somehow Defendant could alleviate that burden by Plaintiff accepting one of the repayment plans.

33.     Plaintiff was left wondering what burden she was under with respect to the CAPITAL ONE BANK obligation and what burden Defendant is offering to help alleviate for Plaintiff.

34.     Plaintiff was also confused about how any of the payment plans offered by Defendant would put the debt behind her and pave her way to financial freedom since the CAPITAL ONE BANK obligation was beyond the applicable statute of limitations to file a lawsuit or to continue credit reporting to a credit bureau.

35.     Defendant's August 22, 2023 letter caused Plaintiff to be confused and frustrated her ability to intelligently choose a response.

36.     The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

37.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of the right to enjoy these benefits.

38.    As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

39.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

40.    PRA knew or should have known that its actions violated the FDCPA.

41.    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but it neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

42.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Using a false representation of the character, amount or legal status of any debt;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

43.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

45.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from PRA attempting to collect a debt that it purchased from CAPITAL ONE BANK (USA) N.A. (See Exhibit A), and which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.   The Class period begins one year prior to the filing of this Action.

46.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.   Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons in Pennsylvania (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.  Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

i.      Whether the Defendants violated various provisions of the FDCPA;

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

c.  Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.  Adequacy of Representation:  Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

47.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

48.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

49.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
1692 *et seq*. VIOLATIONS

50.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.    The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

53.    Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10) and § 1692f.

54.    Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55.    Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56.    Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

57.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by misrepresenting or falsely implying that by accepting one of the 3 repayment offers made by Defendant, that Plaintiff would somehow achieve financial freedom.

58.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59.    As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

60.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

61.    As described herein, Defendants violated 15 U.S.C. § 1692f.

62.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

63.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

64.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

65.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding pre-judgment interest;

(d)    Awarding post-judgment interest.

(e)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

*/s/ Ari H. Marcus*
Ari H. Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 7, 2023

*/s/ Ari H. Marcus*
Ari H. Marcus, Esq. (PA BAR ID 322283)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
ari@marcuszelman.com
Attorneys for Plaintiff